# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KAYLON P. BROWN                                                                        PLAINTIFF

v.                                       NO. 5:18CV00004 JLH

PINE BLUFF SCHOOL DISTRICT                                      DEFENDANT

## OPINION AND ORDER

Kaylon Brown brings this wage discrimination action against Pine Bluff School District. Her complaint cites the Equal Pay Act, 29 U.S.C. § 216, et seq.; 42 U.S.C. § 1983; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. She alleges that the District discriminated against her based on sex "in comparison to a comparably situated male employee named Sam Evans." Document #19 at ¶5. The District moves for summary judgment. For the reasons that follow, the motion is denied.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

The Equal Pay Act prohibits pay discrimination on the basis of sex. The plaintiff need not show an employer had discriminatory intent. *Bauer v. Curators of University of Missouri*, 680 F.3d 1043, 1045 (8th Cir. 2012). To establish a violation of the EPA, a plaintiff must only show that the defendant paid different wages to employees of different sexes "in the same establishment for equal

work requiring equal skill, effort, and responsibility and performed under similar working conditions." *Price v. Northern States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011). A plaintiff is not required to show that the two jobs are identical, but that they are substantially equal. *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1029 (8th Cir. 2002). Actual job requirements and job performance matter, not job classifications or titles. *Id.* "Whether two jobs entail equal skill, effort, or responsibility requires a practical judgment on the basis of all the facts and circumstances of a particular case," such as the seniority or background of the individuals holding the jobs. *Buettner v. Arch Coal Sales Co., Inc.*, 216 F.3d 707, 719 (8th Cir. 2000). "For purposes of the Equal Pay Act, the fact finder must consider the overall job, not just the individual segments of the job, when determining whether two employees performed substantially equal work." *Broadus v. O.K. Industries, Inc.*, 226 F.3d 937, 942 (8th Cir. 2000). Moreover, two jobs can be substantially equal even if they require an insubstantial or minor difference in the degree or amount of skill, effort, or responsibility. *Hunt*, 282 F.3d at 1030. If a plaintiff establishes a prima facie case, the employer may avoid liability if it can show the pay disparity is justified by a seniority system, a merit system, a pay system based on output, or a differential based on any factor other than sex. 29 U.S.C. § 206(d)(1).

Brown first worked for the District's transportation department in 2012 as Transportation Secretary, a position that had been vacant since 2010. It is unclear what Brown did as Transportation Secretary. She lists her "exhaustive" duties, *see* Document #25-1 at 4, but the District's proffered job description reflects only clerical office duties, *see* Document #25-7.

Prior to Brown's move to the Transportation Department, Sam Evans held a position called "Transportation Coordinator." The District has provided an affidavit stating that as Transportation Coordinator Evans performed a long list of duties. Document #25-2 at 2-3.

In 2012, the same year Brown moved into the Transportation Secretary position, Evans changed job duties. The extent of the change is unclear. The parties apparently agree that Evans was transferred to the District's central office in 2012. Document #32 at 3. The District also says, though, that at that time Evans moved into the role of Special Services Coordinator but also retained the Transportation Coordinator position for the 2012-2013 school year. Document #26 at 8; *see also* Document #25-2 at 2. The District also says that Evans "returned to the Transportation Department for the 2013-14 school year as the interim director of transportation and took over handling the duties associated with a coordinator, namely the bus routing." Document #32 at ¶9. Thus the District seems to assert that Evans left the Transportation Department for the 2012-13 school year, but that he also retained Transportation Coordinator duties—then he returned in 2013 and "took over" the Transportation Coordinator duties.

In 2014 Evans left the school district before the school year began. The District says that it did not fill the position that Evans held, but combined the transportation, maintenance, and custodian directors into one position assumed by a longtime District employee. Brown says that at this time she resumed the duties Evans had been performing as it was natural for her to start performing them again when he left. Document #32 at 4; Document #25-1 at 11. The District, on the other hand, says that Evans's duties "were absorbed by [two employees,] Booker Franklin and Fred Bennett, who had the title of transportation supervisor/coordinator." Document #25-2 at 2.

3

In sum, Brown asserts that when she became Transportation Secretary in 2012, in reality she began performing the duties of Transportation Coordinator — the position previously held by Evans. Evans made more money when he held the role, before 2012, than she did when she took it over in 2012.[1] Brown argues that her job as Transportation Secretary was substantially equal to Evans's job as Transportation Coordinator. As noted above, the parties dispute duties Brown performed, what duties Evans performed, at various times.

Two issues further complicate the already murky record. First, the District apparently reorganized in 2014 and 2015 when it combined various department heads into one position, when a new superintendent came on board, and when several employees retired, departed, or moved into a different position. Second, both parties variously use the terms Transportation Coordinator, Transportation Supervisor, and Transportation Director, and the District uses the term Transportation Supervisor/Coordinator. The Equal Pay Act does not concern itself with job titles, but this looseness with the titles reflects possible confusion about who in fact had what job title—and what job duties, which matter very much under the Equal Pay Act—when. Viewing the evidence in the light most favorable to Brown, a reasonable jury could conclude that she and Evans performed substantially equal skill, effort, and responsibility under similar working conditions. Summary judgment is therefore inappropriate.[2]

---

[1] Brown has no complaints about her pay for 2013-14, as she performed and was paid for only secretarial work.

[2] Summary judgment is inappropriate on all of Brown's claims. *Drum v. Leeson Elec. Corp.*, 565 F.3d 1071, 1072 (8th Cir. 2009) ("Since Drum's allegations relate solely to unequal pay for equal work, her Title VII claim is governed by the standards of the Equal Pay Act[.]"; *Baggett v. Barnett*, 4:12CV000526-JLH, 2014 WL 55240 (E.D. Ark. Jan. 7, 2014) (inferring that unidentified § 1983 sex discrimination claim implicated the Equal Protection Clause, and explaining that the analysis is the same for Title VII and such § 1983 claims).

The parties dispute whether the District's alleged conduct was willful. Claims under the Equal Pay Act have a two year statute of limitations unless the conduct was willful, in which case the statute of limitations is three years. 29 U.S.C. § 255(a). The question of willfulness is for the jury. *Broadus*, 226 F.3d at 944. The statute of limitations on Brown's claims, then, is also a matter for trial. *See id.*

In her response to the District's motion for summary judgment, Brown mentions for the first time that Fred Bennett is an Equal Pay Act comparator in addition to Sam Evans. In reply, the District argues that it had no notice of this allegation until after discovery closed and it filed its motion for summary judgment. The District continues that it is prejudiced in defending this new allegation made so close to trial and after discovery has closed. Regardless, summary judgment must be denied based on Evans as the relevant comparator. Document #19 at ¶¶5-6.

For the foregoing reasons, the District's motion for summary judgment is denied. Document #25.

IT IS SO ORDERED this 3rd day of January, 2019.

                                                        _____
                                                        J. LEON HOLMES
                                                       UNITED STATES DISTRICT JUDGE